IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS LAMONT MURPHY, #644742, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:17-CV-3344-C-BK |
| | § | |
| CHIP PLOCK, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

**I. BACKGROUND**

On December 11, 2017, Plaintiff, a state prisoner proceeding *pro se*, filed a pleading titled *Sworn Criminal Complaint with Sworn Affidavit* ("Criminal Complaint") regarding Chip Plock, Correctional Officer Inspector General with the Texas Department of Criminal Justice (TDCJ). Doc. 3 at 1-2. Plaintiff requests that the Federal Bureau of Investigation, the U.S. Attorney for the Northern District, and a magistrate judge "file this Criminal Complaint … with the Dallas District Attorney Integrity Division, of Dallas County." Doc. 3 at 1. He also requests that his Criminal Complaint be served on TDCJ Executive Director Brad Livingston and Texas Attorney General Ken Paxton. Doc. 3 at 2.

As best the Court can glean from the Criminal Complaint, Plaintiff requests that Plock be arrested and indicted for "victimization" and for making a materially false statement or representation in violation of 18 U.S.C. § 1001(a)(2). Doc. 3 at 3. He asserts that Plock made

fraudulent and false statements in September 2014 to a Dallas County District Attorney Investigator, James Hammond, regarding Plaintiff's inclination for using violent and intimidating tactics against other inmates, and that the state court subsequently relied on Hammond's affidavit in denying Petitioner's state habeas application.  Doc. 3 at 4.[1]

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.  "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'"  *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and

---

[1] Plaintiff did not submit a motion to proceed *in forma pauperis* with his handwritten Criminal Complaint.  However, to the extent Plaintiff seeks mandamus relief, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a mandamus petition stemming from state habeas proceedings such as the one at issue in this case.  *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (mandamus petition that arose from state post-conviction application was not subject to fee payment requirements of section 1915).  Moreover, insofar as Plaintiff seeks to file the Criminal Complaint in this Court, it is more efficient to dismiss it on jurisdictional grounds than to require compliance with the filing fee requirements under 28 U.S.C. § 1915(b).

"a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, Plaintiff has not alleged facts that could be construed to state federal question jurisdiction for at least two reasons.

First, this Court lacks the authority to file a criminal complaint with the Dallas County District Attorney. And insofar as Petitioner seeks to compel the District Attorney to file criminal charges against Plock, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb Cty. Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

Second, to the extent Plaintiff seeks to pursue in this Court his Criminal Complaint alleging criminal law violations, there is no legal authority for such action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Here, Plaintiff has wholly failed to meet that burden. In any event, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Plaintiff] has no standing to institute a federal criminal prosecution and

3

no power to enforce a criminal statute." *Gill v. Texas,* 153 F. App'x 261, 262-63 (5th Cir. 2005).[2]

Consequently, Plaintiff's Criminal Complaint should be dismissed for lack of federal jurisdiction.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly establish a lack of federal jurisdiction that cannot be cured by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's Criminal Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, FED. R. CIV. P. 12(h)(3).

**SIGNED** January 3, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Even when liberally construed to bring a civil claim, Plaintiff's Criminal Complaint does not plead the parties are citizens of different states and, as such, Plaintiff cannot rely on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE